## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LENNY DEAN LOWRY,**
**MARK EDWARD DOWLING,**

**Plaintiffs,**

**v.**

**GABRIEL ROP, et al.,**

**Defendants.**

**Case No. 23-03138-JWB**

## MEMORANDUM AND ORDER

This matter comes before the court on Defendants' motion to dismiss. (Doc. 9.) The matter is fully briefed and ready for review. (Docs. 10, 12, 15.) Defendants' motion is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART for the reasons stated herein.

### I.      Background

Plaintiffs Lenny Dean Lowry and Mark Edward Dowling proceed pro se and bring claims under 42 U.S.C. § 1983 related to their civil commitment in the Sexual Predator Treatment Program. (Doc. 1 at 1, 4.) Plaintiffs reside at Larned State Hospital. (*Id.* at 4.) Lowry has been civilly committed since 2009, and Dowling has been civilly committed since 2004. (*Id.*) Defendants are the Administrative Program Director of the Sexual Predator Treatment Program, Gabriel Rop, Larned State Hospital Superintendent Lesia Dipman, Chief Operating Officer Haleigh Bennett, Assistant Clinical Director of the Sexual Predator Treatment Program, Keri Applequist, and Program Leader Linda Kidd. (*Id.*) While not enumerated in the complaint, Plaintiffs also sue Assistant APD[1] Courtney Wagner and Clinical Program Director Christine

---

[1]    Plaintiffs do not define "Assistant APD." But presumably it stands for Assistant Administrative Program Director.

Mohr. (*Id.* at 1.) Plaintiffs bring eight "issues" in their complaint alleging that their constitutional rights were violated by various policies at Larned State Hospital. (*Id.* at 5–33.) They sue all Defendants in their personal and official capacities on behalf of themselves and similarly situated residents. (*Id.* at 1, 4.) They sue for nominal, compensatory, and punitive damages, as well as declaratory and injunctive relief. (*Id.* at 34–35.) Defendants move to dismiss all claims on a variety of bases. (Doc. 9.) The court will address the facts specific to each claim in its analysis.

## II.    Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682, (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal quotations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, as is the case here, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the facts, the court has discretion to allow

affidavits and other documents to resolve disputed facts.  *Id.* at 1003; *see Cochran v. City of Wichita*, No. 18-1007-JWB, 2018 WL 3772681, at *2 (D. Kan. Aug. 9, 2018).

If the court has subject matter jurisdiction under the foregoing standards, it will then address arguments raised under Rule 12(b)(6).  To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (citation and internal quotation marks omitted).

All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing on the court's consideration.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.    Analysis

As previously noted, Plaintiffs do not organize their complaint by counts, but rather raise eight "issues" for the court.  The court first addresses Issues Two, Four, Five, Six and Eight because Defendants have raised standing as to those claims.  As a housekeeping matter, the court notes that because Plaintiffs proceed pro se, they cannot bring claims on behalf of a class. *Flemming v. Dayoub*, No. 22-3066-SAC, 2022 WL 1120512, at *2 (D. Kan. Apr. 14, 2022) ("[A] pro se plaintiff cannot adequately represent a class.").  So the court dismisses without prejudice all claims on behalf of those similarly situated and considers only those allegations pertinent to Plaintiffs.[2]  Finally, the court only examines the facts alleged in the complaint and the documents attached to the complaint.  *See Truman v. Orem City*, 1 F.4th 1227, 1238 n.7 (10th Cir. 2021).

### A.  Standing: Issues Two, Four, Five, Six, and Eight

Plaintiffs allege in Issue Two that the Sexual Predator Treatment Program Policy 5.28 regarding security risk status violates Plaintiffs' free exercise, freedom of speech, and due process rights.  (Doc. 1 at 12–14.)  Plaintiffs broadly argue that a resident in the program "can" be punished and placed on security risk status without a due process hearing.  (*Id.* at 13.)  Things that could result in an individual being considered a security risk include discussing escape or discussing behaviors that could impede security, which Plaintiffs believe violate free speech.  (*Id.* at 14.)  Plaintiffs also allege that Defendants use security risk status to prevent resident participation in

---

[2]    Plaintiffs clarify in their response to the motion to dismiss that they are merely trying to preserve class action claims for a subsequent motion to certify a class under Rule 23, and that they do not currently purport to represent other residents in the Sexual Predator Treatment Program.  (Doc. 12 at 7.)  The court declines to address the propriety of such a motion at this juncture.  And while the court believes Plaintiffs were merely attaching a draft motion to their response to illustrate their intentions to the court, the court notes for the record that attaching a Rule 23 motion as an exhibit (Doc. 12-1 at 24–27) is not a proper motion under this court's rules.  *See* D. Kan R. 7.1 (detailing the form and filing requirements for motions).

religious ceremonies.  (*Id.* at 13.)  Defendants argue that neither Plaintiff has alleged an injury-in-fact.  (Doc. 10 at 9.)

To establish standing, there must be an "injury in fact" that is concrete and particularized; a causal connection between the injury and the conduct complained of; and the injury must likely be redressable by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiffs have alleged many supposed constitutional infirmities with the security risk policy, but Plaintiffs fail to allege that either of them has suffered a concrete individualized injury from the implementation of this policy.  Therefore, Plaintiffs fail to establish standing and dismissal without prejudice for lack of subject matter jurisdiction is appropriate under Rule 12(b)(1).[3]

Plaintiffs allege in Issue Four that various Sexual Predator Treatment Program policies on using the telephone, making noise, lying, failing to follow staff directives and redirectives, showing insubordination or disrespecting staff, threatening or intimidating any person, and engaging in disruptive behavior violate freedom of speech and due process.  (Doc. 1 at 18–21.) Plaintiffs allege that they have been prohibited from verbally expressing their opinions about the program, and Defendants have threatened punitive and retaliatory action against them for expressing their opinions.  (*Id.* at 18.)  Defendants again argue that neither Plaintiff has alleged an injury-in-fact.  (Doc. 10 at 9.)  Defendants argue in the alternative that Plaintiffs fail to state a claim on the merits because they have not alleged a plausible First Amendment violation given that any form of involuntary confinement requires some restrictions on the right to free speech. (*Id.* at 28–30, 33.)

The standard for constitutional standing was stated above.  Here, the court agrees with Defendants that Plaintiffs fail to allege an injury-in-fact as to all the policies listed in Issue Four

---

[3]   Because the court holds there is no standing for this claim, it does not address Defendants' argument on the merits.

except with regards to Plaintiffs voicing their opinions.  The court finds that Plaintiffs have established standing on this point because they have alleged that they have been concretely and particularly affected—being prohibited from verbally expressing opinions about the program.  However, the court agrees with Defendants that Plaintiffs fail to otherwise state a claim.  Plaintiffs' single specific factual allegation—that they cannot express opinions without facing punitive actions—makes it *possible* that a constitutional violation has occurred.  But it does not make it *plausible*.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." (internal quotations and alterations omitted)).  Here, there are no specifics as to how Plaintiffs expressed their opinions or how any Defendant acted in response.[4]  Thus, there is no plausible First Amendment violation under the facts alleged.  Therefore, the court finds dismissal without prejudice of the free speech element of Issue Four under Rule 12(b)(6) is appropriate.  All other claims under Issue Four are subject to dismissal without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

Plaintiffs allege in Issue Five that Sexual Predator Treatment Policy 7.2 regarding administrative review violates Due Process and must be removed because it is contrary to current caselaw and numerous residents have little education and no legal experience, and thus could believe they have no recourse for violations of their rights.  (Doc. 1 at 21–24.)  Defendants argue that there is no standing due to no injury-in-fact.  (Doc. 10 at 9.)  Under the standard listed above, the court agrees.  Plaintiffs have alleged potential harms to other residents.  They have not alleged that they experienced any concrete harm based on confusion about their rights or on the

---

[4]   Defendants argue that dismissal is also appropriate because Plaintiffs fail to discuss any specific allegations with regards to any specific Defendant.  (*See* Doc. 10 at 11.)  The court agrees that this too supports dismissal under Rule 12(b)(6) for the reasons discussed *infra* at § III(B).

implementation of this policy.  The court finds dismissal of Issue Five for lack of subject matter jurisdiction is warranted under Rule 12(b)(1).[5]

Plaintiffs allege in Issue Six that Sexual Predator Treatment Program Policy 8.6 regarding denial or restriction of a resident's right violates due process because Defendants can "arbitrarily restrict" the following: (1) sending and receiving mail, (2) accessing the telephone, (3) wearing personal clothing, (4) possessing personal property, (5) having privacy in toileting and bathing, (6) seeing visitors, (7) presenting grievances, and (8) spending personal money.  (*Id.* at 24–26.) Defendants again argue that there is no standing due to no injury-in-fact.  (Doc. 10 at 9.)  Under the standard articulated above, the court agrees.  Plaintiffs' allegations are a fact-free string of policies Plaintiffs believe are unconstitutional with no mention of a concrete and particularized harm.  Dismissal of claims in Issue Six under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate.

Plaintiffs allege in Issue Eight that due process and equal protection are being violated at Larned State Hospital because only residents who have achieved the purple level badge are penalized for not attending programming, because the treatment team is assigning privilege levels without authority, and that residents are inappropriately required to sign over medical benefits, disclose financial information, and pass polygraphs to maintain purple level badges or progress through the program.  (Doc. 1 at 31–33.)  Defendants once again argue that there is no standing because neither Plaintiff has alleged an injury-in-fact.  (Doc. 10 at 9.)  Under the standard already articulated, the court agrees.  Plaintiffs make no allegations about a personal, particularized injury.

---

[5]   The court does not reach Defendants' alternative merits argument because it lacks subject matter jurisdiction.

Therefore, the court finds the claims in Issue Eight should be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. [6]

In summary, all claims in Issues Two, Four, Five, Six, and Eight should be dismissed without prejudice for lack of subject-matter jurisdiction, except the First Amendment claim related to expressing opinions contained in Issue Four, which is subject to dismissal without prejudice for failure to state a claim under Rule 12(b)(6).  Recognizing Plaintiffs' pro se status, however, the court gives Plaintiffs 14 days from the date of this order to amend their complaint to address the identified deficiencies.

### B.  Issue One: Religious Rights

Dowling is a member of The Church of the Redeemed who has been denied the right to attend church services since 2017.  (Doc. 1 at 5.)  A tenet of Dowling's religion is fellowship with other believers.  (*Id.*)  Lowry is a Buddhist who has been denied "access to worship" since 2018.  (*Id.*)  Plaintiffs allege that Defendants have interpreted the religious guidelines at Larned State Hospital so that "Plaintiffs only have the right to individual worship in their rooms."  (*Id.*) (emphasis omitted).  Dowling also argues that he has been retaliated against due to his cooperation with a Kansas Bureau of Investigations ("KBI") investigation and due to his corruption allegations against Bennett to the KBI.  (*Id.*)[7]  Plaintiffs also allege that they cannot attend "religious call-outs" in other buildings due to being on Security Risk Status.  (*Id.* at 10.)  But Plaintiffs allege that Dillon Building residents do not miss religious call-outs.  (*Id.*)

---

[6]  The court does not reach Defendants' alternative arguments on Issues Six and Eight due to the lack of subject matter jurisdiction.

[7]  Plaintiffs also allege that other residents have had religious materials confiscated.  (Doc. 1 at 7.)  But Plaintiffs cannot represent other parties.  *Flemming*, 2022 WL 1120512, at *2.

Plaintiffs allege violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Kansas Bill of Rights § 7, the federal Religious Freedom Restoration Act, the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 5–6.) Plaintiffs have not plausibly alleged that RLUIPA applies because they have not alleged that a substantial burden on free exercise was imposed in a program receiving federal funding or that the substantial burden or its removal would affect interstate commerce. *See* 42 U.S.C. § 2000cc-1(b). The court thus finds dismissal without prejudice is appropriate for any claim under RLUIPA for failure to state a claim. *See Murray v. Kansas Dep't of Corr.*, No. 07-3276-EFM, 2009 WL 1617664, at *3 (D. Kan. June 9, 2009). Furthermore, a state-law claim is not cognizable under § 1983, and the court declines to exercise supplemental jurisdiction over such a claim. *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 26 (10th Cir. 2006). Thus Plaintiffs' claim under the Kansas Constitution is dismissed without prejudice. Finally, the federal Religious Freedom Restoration Act ("RFRA") is inapplicable to state governments and their subdivisions. *Holt v. Hobbs*, 574 U.S. 352, 357 (2015) ("In making RFRA applicable to the States and their subdivisions, Congress relied on Section 5 of the Fourteenth Amendment, but . . . this Court held that RFRA exceeded Congress' powers under that provision.) Therefore, the court dismisses any claim under RFRA with prejudice because amendment would be futile. The court thus focuses its analysis on Plaintiffs' free exercise and equal protection claims.

Defendants argue that dismissal is warranted because Plaintiffs fail to allege specifics about a single Defendant. (*See* Doc. 10 at 11.) Section "1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Robbins*, 519 F.3d at 1249–50 (10th Cir. 2008) (noting it is "particularly important" in § 1983 cases "that the complaint make

clear exactly who is alleged to have done what to whom").  Meanwhile, state officials acting in their official capacity are not "persons" that can be sued under § 1983 *except* when sued for prospective injunctive relief.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989). To state an official capacity claim, "the named state official 'must have some connection with the enforcement' of the challenged statute, [rule, or policy]."  *Frank v. Lee*, No. 21-8058, 2023 WL 6966156, at *6 (10th Cir. Oct. 23, 2023) (published) (citation omitted).

Here, Plaintiffs fail to specify the actions of any individual Defendant in Issue One.  There is mention of Dowling making corruption allegations against Bennett, but no mention of specific actions by her.  (Doc. 1 at 5.)[8]  Other than this passing mention, Plaintiffs only refer to "Respondents" collectively throughout Issue One.  (*Id.* at 5–12.)  There are no specific allegations against any Defendant in Issue One.  Thus, Plaintiffs fail to state a claim against any Defendants in a personal capacity or connect a specific state official to enforcement of an unconstitutional policy.  Therefore, the court finds the equal protection and free exercise claims should be dismissed without prejudice.[9]  Recognizing Plaintiffs' pro se status, the court gives them 14 days to amend the claims in Issue One.

### C.  Issue Three: Attorney-Client Communication

Plaintiffs allege that resident computers are insecure, resident telephones are not in a private space, private telephone calls require prior authorization from the treatment team, and resident visitation rooms are insufficient for confidential communication.  (Doc. 1 at 15–17.) There is no specific injury-in-fact alleged from any of these policies, and thus dismissal under Rule

---

[8]  And Plaintiffs fail to connect any alleged retaliation to their exercise of religious rights.

[9]  The court denies Defendants' passing request to dismiss Lowry for failure to prosecute under Rule 41(b).  (Doc. 10 at 11.)  Defendants' motion fails to consider additional factual allegations that appear to apply to both Lowry and Dowling, and thus dismissal under Rule 41 is inappropriate.  The court declines to address any other alternative arguments.

12(b)(1) is appropriate under this court's earlier analysis.  Additionally, and more specifically, however, Plaintiffs allege that Kidd, along with Officer Marshall Newell and other unknown administrators, seized an envelope containing an audio disc of evidence and refused to give it to Dowling despite it being addressed from the Law Offices of Richard Boekman.  (*Id.* at 17.) Defendants argue that the evidence CD does not fall under attorney-client privilege, that attorney-client communication is not constitutionally protected per se, and that the Sixth Amendment right of access to courts and legal research were not infringed.  (Doc. 10 at 31–33.)  Plaintiffs argue in response that they need not show prejudice under *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1995).

"[T]he 'benchmark' of a Sixth Amendment claim is 'the fairness of the adversary proceeding.'  The Supreme Court has therefore declared that '[a]bsent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated."  *Shillinger*, 70 F.3d at 1141 (alteration in original) (internal citations omitted).  But in some circumstances prejudice is presumed.  *Id.*  One such circumstance is "when the state becomes privy to confidential communications because of its purposeful intrusion into the attorney-client relationship and lacks a legitimate justification for doing so . . . ."  *Id.* at 1142.

Here, Dowling does not specify whether the evidence CD was part of a criminal or a civil case.  But assuming this was in a criminal proceeding, the holding in *Shillinger* requires some context.  First, *Shillinger* was made in the wake of *Weatherford v. Bursey*, 429 U.S. 545 (1977). In *Weatherford*, an undercover law enforcement officer was privy to trial preparation sessions with a defendant and later testified at the defendant's trial, but he did not disclose the contents of the trial preparation sessions to his superiors or to the prosecution.  *Shillinger*, 70 F.3d at 1138 (citation omitted).  The district court entered judgment for the officer in the subsequent suit under § 1983.

*Id.* (citation omitted).  The Fourth Circuit reversed, and the Supreme Court reversed the Fourth Circuit.  *See id.* (citation omitted).  The Supreme Court held that, "[u]nless [the officer] communicated the substance of the . . . conversations and thereby created at least a realistic possibility of injury to [the defendant] or benefit to the State, there can be no Sixth Amendment violation."  *Id*. at 1139 (citation omitted).

In *Shillinger*, by contrast, the prosecutor intentionally intruded into the attorney-client relationship by soliciting details from a deputy who was present at trial preparation sessions.  *Id.* at 1135.  This led the Tenth Circuit to conclude:

> Because we believe that a prosecutor's intentional intrusion into the attorney-client relationship constitutes a direct interference with the Sixth Amendment rights of a defendant, and because a fair adversary proceeding is a fundamental right secured by the Sixth and Fourteenth Amendments, we believe that absent a countervailing state interest, such an intrusion must constitute a *per se* violation of the Sixth Amendment.

*Id.* at 1142.

Here, there is no allegation that a prosecutor intentionally intruded into an attorney-client relationship, nor is there any allegation that Kidd informed a prosecutor about the contents of the CD (assuming the contents were protected under the Sixth Amendment).  Thus, there is no per se constitutional violation, and Dowling fails to state a claim because he has not alleged any prejudice from the CD's seizure.  The court gives Plaintiffs' 14 days to amend their complaint to avoid dismissal without prejudice as to Issue Three.

### D.  Issue Seven: Personal Property

Plaintiffs allege that they have lost hundreds of dollars' worth of personal property items due to unwritten facility rules and continual changes to verbal and written policies in violation of due process.  (Doc. 1 at 26.)  Plaintiffs fail to allege any specifics, however, except for Dowling having $400 of craft supplies confiscated on June 30th, 2017.  (*Id.*)  Bennett allegedly instructed

Larned State Hospital Security to take the supplies after Dowling had, inter alia, accused her of corruption.  (*Id.*)  Defendants argue that this claim is time-barred.  (Doc. 10 at 38.)

Federal law determines accrual of a § 1983 claim, but the statute of limitations comes from the relevant state's personal-injury statute.  *See Carbajal v. McCann*, 808 F. App'x 620, 633 (10th Cir. 2020) (citing *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)).  Section 1983 claims accrue, for the purpose of the statute of limitations, "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citation omitted).  A two-year statute of limitations applies to § 1983 claims from Kansas.  K.S.A. § 60-513(a)(4); *Johnson*, 925 F.2d at 1301.

Here, Dowling knew that his craft supplies had been confiscated on June 30, 2017, and he provides no basis for tolling the statute of limitations.  Plaintiffs make a semblance of a continuing violation argument, (Doc. 12 at 17), but "[a]n important caveat to the continuing violation doctrine . . . is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation."  *Herrera*, 32 F.4th at 993.  Here, there is one specific discrete act alleged—the taking of the craft supplies—and that occurred well outside the statute of limitations.  Therefore, this claim is time-barred.  The court dismisses this claim with prejudice because amendment would be futile.[10]

## IV.    Conclusion

Defendant's motion to dismiss (Doc. 9) is GRANTED IN PART.  The court DISMISSES Plaintiffs' RFRA claims, and the claim for the confiscation of Dowling's craft supplies WITH PREJUDICE because amendment would be futile.  The court declines supplemental jurisdiction over Plaintiffs' state law claim and it is DISMISSED WITHOUT PREJUDICE.  The remainder of

---

[10]   The court need not address Defendants' alternative argument.

the motion to dismiss is TAKEN UNDER ADVISEMENT.  Plaintiffs are given until November

14, 2023, to amend their complaint in a manner that complies with Federal Rule of Civil Procedure

8(a).[11]  Plaintiffs should file a concise amended complaint focused solely on the specifics of their

own claims.  If Plaintiffs fail to amend their complaint, the court may grant the remainder of the

motion to dismiss (Doc. 9) without further notice.

IT IS SO ORDERED.

Dated: October 31, 2023                                    /s/John W. Broomes
                                                                          JOHN W. BROOMES
                                                                          UNITED STATES DISTRICT JUDGE

---

[11]   Plaintiffs attached some proposed motions to the motion to dismiss.  (*See* Doc. 12-1 at 14–23).  These are not
proper motions under this court's rules.  *See* D. Kan R. 7.1 (detailing the form and filing requirements for motions).